FILED

APR 27  2 13 ΓΙΙ '00

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| MICHAEL ANTHONY PIZARRO, | ) | CV F- 00-5019 REC SMS P |
| Plaintiff, | ) | FINDINGS AND |
| v. | ) | RECOMMENDATIONS RE |
|  | ) | DISMISSAL OF ACTION FOR |
| CORCORAN STATE PRISON, et. al. | ) | FAILURE TO OBEY COURT ORDER |
| Defendants. | ) |  |

Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

On February 25, 2000, the court issued an order requiring plaintiff Pizarro to file within 30 days a completed application to proceed in forma pauperis and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. The thirty-day period has now expired, and plaintiff has not filed an application to proceed in forma pauperis and trust account statement, and has not otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46



1  F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963

2  F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

3  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

4  failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

5  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

6  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack

7  of prosecution and failure to comply with local rules).

8          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

9  order, or failure to comply with local rules, the court must consider several factors: (1) the public's

10  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

11  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

12  (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

13  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

14          In the instant case, the court finds that the public's interest in expeditiously resolving this

15  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has

16  been pending several months.  The third factor, risk of prejudice to defendants, also weighs in favor

17  of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

18  prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --

19  public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

20  favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

21  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik

22  v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's

23  order requiring plaintiff to file an application to proceed in forma pauperis and trust account

24  statement expressly stated: "Failure to comply with this order will result in a recommendation that

25  the action be dismissed."  Thus, plaintiff had adequate warning that dismissal would result from his

26  noncompliance with the court's order.

27          Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED based on

28  plaintiff's failure to obey the court's order of February 25, 2000 directing him to file an application to

U.S. District Court
E. D. California

2

1 proceed in forma pauperis and a certified copy of his prison trust account statement for the six month

2 period immediately preceding the filing of the complaint.

3      These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days

5 after being served with these findings and recommendations, plaintiff may file written objections

6 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

7 and Recommendations."  Plaintiff is advised that failure to file objections within the specified time

8 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

9 1991).

10 DATED: **4/27/00**

11                             SANDRA M. SNYDER

12                             U.S. MAGISTRATE JUDGE

United States District Court
for the
Eastern District of California
April 28, 2000

* * CERTIFICATE OF SERVICE * *

1:00-cv-05019

Pizarro

   v.

Corcoran State Pris

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  April 28, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

     Michael Antonio Pizarro          REC      SMS P
     E-62254
     MCSP-2
     Mule Creek State Prison
     PO Box 409099
     Ione, CA  95640

     Morris Lenk
     Attorney General's Office of the State of California
     455 Golden Gate Avenue
     Suite 11000
     San Francisco, CA  94102-3664

                        Jack L. Wagner, Clerk

                        BY:
                        Deputy Clerk